is answerable for the body of his prisoner; and not obliged to release it, unless the debtor pays the money. Otherwise it would be in the power of the debtor to play with the officer, by tendering him property, the title to which was doubtful, the value uncertain, and thereby distress and perplex the officer and lead him into suits at law, while the officer was liable to the creditor, and could not relevy on the body. It may be prudent and safe for an officer to release the body and accept chattels, and he has his election; but it is at the risk of the officer to accept of anything but the money in lieu of the body.

It is the opinion of the court upon the facts found, that the law is with the plaintiff in error.

## NETLETON v. RIGGS.

Action of trover lies against a promisor for his note which he got up through the fraud of a third person.

ACTION of trover, for two notes of £9 10s. each given by Riggs to Netleton. Plea not guilty to the jury.

Case was — Netleton had an execution against Hind and Mather of about £19. Riggs in aid of them, gave said two notes to Netleton, in settlement of said execution. Netleton owed Woodhull by note about the sum of said two notes, and delivered said two notes to him to receive his pay of Riggs. Hind goes and pays Woodhull the debt which Netleton owed him, and took an assignment of Netleton's note to himself. Mather, who was bankrupt, by means of a forged order, got up from Woodhull, Riggs' two notes to Netleton, and delivers them up to Riggs and Riggs gave up his indemnity. Hind sues and recovers the money of Netleton on his note to Woodhull.— And this action is brought to recover for said two notes which the defendant got up by Mather's fraud without paying them.

Verdict and judgment for the plaintiff; upon the ground that Riggs may not take benefit of Mather's forgery and fraud.